[No. A071418. First Dist., Div. Three. Apr. 4, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS DE SOTO, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

---

**COUNSEL**

Nanette Zavala, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S.

4

Kaye and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WALKER, J.—A defendant cannot for the first time on appeal challenge the manner in which the sentencing judge exercises discretion in making sentencing choices or articulates his or her supporting reasons. (*People* v. *Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*).) In this case we consider whether defense counsel's "boilerplate" objections to the sentence pronounced by the court are sufficient to avoid the claim of waiver of error on appeal. We conclude that defendant's objections regarding claimed sentencing mistakes must be sufficiently specific and meaningful to allow the trial court to correct the errors. We further hold that the sentencing judge has no obligation, when faced with an omnibus objection, to inquire further in an effort to ferret out the basis for the objection as it may exist in the mind of defense counsel. The sentence and judgment are affirmed.

On December 22, 1994, Douglas de Soto entered a plea of guilty to possession of a firearm by a previously convicted felon in violation of Penal Code section 12021, subdivision (a)(1).[1] After a jury trial he was found guilty of residential burglary in violation of sections 459 and 460, subdivision (a), two counts of resisting arrest in violation of section 69, exhibiting a deadly weapon to resist arrest in violation of section 417.8, and possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). The jury also found him guilty of residential burglary's lesser related misdemeanor offense of trespass, in violation of section 602.5. Following a bifurcated trial, the court found true the enhancements for being armed with a firearm, pursuant to section 12022, subdivision (a)(1).

On June 29, 1995, defendant was sentenced to a term of eight years and four months, comprised of the upper six-year term for the residential burglary, an additional year for the arming enhancement, and two consecutive eight-month terms for resisting arrest and being in possession of methamphetamine. He appeals, claiming that the court committed several sentencing errors. He also contends that the reasonable doubt instruction given to the jury allowed it to find guilt based upon a lower standard than that which is constitutionally required, thereby depriving him of due process of law under the federal Constitution. In the published portion of this opinion we find that defendant waived his right to raise the sentencing errors asserted here, as he

[1]Unless otherwise noted, all further statutory references will be to the Penal Code.

presented no meaningful objections at the time of sentencing. In the unpublished portion of the opinion we find the trial court made no instructional error. We affirm.

## I.

### FACTS

The facts of the case are substantially undisputed. On September 2, 1994, defendant entered the garage of Mrs. Edith Price, who discovered him curled up in a ball and motionless on the garage floor. Mrs. Price called the police. Officer Deluna arrived and saw defendant on the floor. Defendant then fled. A chase ensued, Officer Deluna got close to defendant, drew his gun, and ordered defendant to stop and drop to the ground. Defendant threw two trash cans at him and kept running. Soon, Officers Griffith, Casten and Todd joined the chase. Todd ordered defendant to stop, but he did not comply. Defendant appeared to Todd to be in a "zombie-like" state as he wandered around Todd and mumbled incoherently. Defendant then reached into his fanny pack, pulled out a gun, and pointed it at Todd. Todd drew his gun and ordered defendant to stop, but defendant kept walking. The officers lost sight of defendant as he climbed up a slope and disappeared behind a house belonging to Mrs. Stirton.

Mrs. Stirton saw defendant slipping and sliding up the hill in her backyard and thought he might need help. She walked into her house to get her husband and defendant followed. He still held the gun in his hand, but never pointed it at her. She called the police and defendant did not try to stop her. When Mr. Stirton came into the kitchen, defendant ran from the house. The officers had by then arrived in the area and Officers Griffith and Shields came upon defendant. They both had their guns drawn and repeatedly shouted at defendant to stop, but he kept going and jumped over a fence. A short time later, the officers found defendant hiding in a garage. Shields pointed his gun at defendant's head and told him to put his hands up; he got no reaction. Finally, after repeating the command three times, defendant stood up, holding his gun down toward the floor, and said: "It's a toy." Defendant started to back away, Griffith reached for his gun, the two scuffled, defendant's gun fell to the ground, Griffith hit him in the head with his gun and Shields sprayed him in the face and chest with mace. Defendant grabbed a ceiling rafter, swung his feet, kicked open a window, and fled. Once again, the officers gave chase, through a yard and over a fence topped with chicken wire. Defendant climbed onto the porch of a house, broke a window, and entered the home. The officers surrounded the house, cut off the telephone and power, and called a SWAT team, which eventually entered

the house and found defendant hiding in the attic. A search revealed methamphetamine in defendant's pocket. He was arrested.

In the days following defendant's arrest, two bags of "loot" were discovered on Mrs. Price's property. The items inside the bags belonged to Mrs. Price, though there was also property in one of the bags which did not belong to her.

## II.

### SENTENCING

At the time of sentencing the trial judge, after noting the background materials which he had read and considered,[2] pronounced defendant presumptively ineligible for probation because of his two prior convictions, and held that there was no unusual reason to grant probation in the interest of justice. Having denied probation, the judge announced the factors which he had considered in aggravation and in mitigation with respect to the burglary. He found no circumstances to mitigate the crime itself, but did consider the defendant's drug abuse and psychological problems, as well as the remorse which he expressed in a letter to the court. In aggravation of the crime, the court articulated the four aggravating factors enumerated in California Rules of Court (rule), rule 421(a)(1)(2)(6) and (8): the crime involved a threat of great bodily injury to multiple victims and police; defendant used a weapon (which the judge acknowledged was unloaded); defendant threatened witnesses; and the burglary involved planning. As to the defendant himself, the court found two additional aggravating factors specified in rule 421(b)(1) and (2): Defendant's violent conduct represented a danger to society and his convictions were getting more numerous and increasing in frequency, with only five months separating his prior offenses, for which he had been granted probation, and the instant offenses. Concluding that the factors in aggravation outweighed those in mitigation, the trial court imposed the six-year upper term for the burglary and added a one-year enhancement, based upon a finding that defendant was armed during the commission of a serious felony as described in section 1170.1, subdivision (e).

In determining whether to impose consecutive or concurrent terms for the remaining convictions, the judge considered the criteria set forth in rule 425(b), which allowed him to take into account aggravating factors not otherwise utilized to impose the upper term or enhance the sentence. To that

---

[2]He considered the probation officer's report, the report from the Regional Center of the East Bay and accompanying materials, prepared pursuant to section 1369, sentencing recommendations provided by counsel, and a letter from the defendant.

end, he cited those factors set out in rule 421(b)(4) and (5), that the defendant was on probation when the crime was committed, and that his prior performance on probation was unsatisfactory. He noted that as a condition of probation defendant was not to possess any weapons or to use any drugs; by virtue of having done so, defendant had failed to perform satisfactorily. Based upon this unsatisfactory performance, the court imposed two consecutive eight-month terms for resisting arrest and possession of methamphetamine. The sentences for all remaining counts were ordered to be served concurrently, with the exception of the sentence imposed for exhibiting a deadly weapon to resist arrest, which was stayed pursuant to section 654.[3]

After the trial court's pronouncement of its intended sentence, defense counsel made the following "objection": "Judge, as a formality under the recent case of *People vs. Scott*, I'm required to explicitly state on the record objections to your sentencing decisions; otherwise, they're deemed waived on appeal. So I am not stating necessarily that I have even found these things to be true, but I feel I need to make a record on appeal. So therefore, I would formally object to your selection of an upper term as the base term for the underlying offense. [¶] I would also object to your imposition of consecutive sentences. And I would also object to your using the same facts both to aggravate the base term and to impose an enhancement. And again, just basically to your use of any fact constituting an element of the offense to aggravate or enhance the sentence."

We contrast the broad brush, general nature of the objections raised at sentencing to the very specific nature of those raised on appeal. Defendant here contends that the trial court committed the following sentencing errors: 1) the court violated the "dual use" prohibition contained in rule 420(c) by imposing a one-year enhancement for being armed while committing the burglary and also considering the use of the weapon in selecting the upper term; 2) the court should not have considered "planning" as an aggravating factor, as planning is an element "common to all burglaries," and under rule 420(d), "[a] fact that is an element of the crime shall not be used to impose the upper term"; 3) three of the four aggravating factors identified by the court—threat of great bodily injury to multiple victims and police, threats to witnesses, and violent conduct presenting a danger to society—were not properly considered, because given the facts of the case they did not apply to the burglary; 4) the fourth aggravating factor—defendant's numerous and

---

[3]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

more frequent prior convictions—actually served to mitigate, because three of the six prior convictions involved drugs and demonstrated a drug problem; 5) the factors in mitigation outweighed those in aggravation in that defendant's bizarre "zombie-like" behavior during the events leading to his arrest indicated that he suffered from psychological problems, he did not behave violently toward any of the citizens with whom he came in contact, his gun was unloaded, he had no prior criminal record of violence, and he acknowledged and accepted responsibility for his crimes; and 6) the factors cited by the court for imposing consecutive sentences justified denying probation, but were not adequate to support the consecutive sentences. Specifically, defendant contends that the gun possession was already the basis for the enhancement, multiple victims were a factor used in imposing the upper term, drug use was an element of the possession of methamphetamine charge, and multiple victims would be present in any case involving multiple counts, so that none of these factors should have been used to justify consecutive sentences.

█ Respondent contends that by failing to raise sufficiently specific objections at the time of sentencing, defendant has waived his right to claim any of these sentencing errors here. We agree. █ In *Scott*, our Supreme Court first enunciated the rule that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Scott, supra,* 9 Cal.4th at p. 356.) "Included [within the waiver doctrine] are cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*Id.* at p. 353.) In articulating the reason behind the rule, the Supreme Court stated: "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Ibid.*) The *Scott* rule has been consistently applied to cases in which no objections were interposed at the time of sentencing in the trial court. (See, e.g., *People* v. *Minder* (1996) 46 Cal.App.4th 1784 [54 Cal.Rptr.2d 555]; *People* v. *Zuniga* (1996) 46 Cal.App.4th 81 [53 Cal.Rptr.2d 557]; *People* v. *Erdelen* (1996) 46 Cal.App.4th 86 [53 Cal.Rptr.2d 553].) █ We are now called upon to consider whether *Scott* applies where a general boilerplate objection is made at the time of sentencing, and specific objections are then raised on appeal.

We conclude that defendant's general objections did nothing to give the trial court a meaningful opportunity to correct any sentencing errors. Counsel objected to the imposition of the upper term, but gave no legal or factual basis to support the objection. He likewise raised cursory objections to the imposition of consecutive sentences and to the court's use of a fact constituting an unidentified element of the offense to aggravate and enhance his term. In contrast, his objections raised on appeal, which we have detailed above, articulate several *specific* reasons why he believes the court was wrong in its sentencing choices. The objection made at sentencing to the court's use of the same facts to aggravate the base term and to impose an enhancement came close to being adequate, but failed to advise the court of which facts, specifically, were the subject of the objection. Without any *specifically articulated* reasons for the objections, the court had no real basis upon which he could evaluate the claims and correct the errors, if any existed.

Nor do we believe the trial judge had any independent duty to inquire further into the specific bases for defendant's generalized objections. In making sentencing choices, the trial judge is confronted with a maze of statutes and rules, the intricacy of which rival the Internal Revenue Code. By reason of this complexity and the ever-changing guidelines, sentencing error is not uncommon. In an effort to avoid error, it is therefore reasonable to place the obligation to formulate specific objections squarely on defense counsel, and not on the judge charged with efficient management of a busy trial calendar. Defendant's expectation that this court will now consider the merits of his specific objections made for the first time on appeal, merely because trial counsel acknowledged his awareness of *Scott*'s requirements, but did not comply with them, is unacceptable. For us to do so would be to disregard and usurp the role of the trial courts and to participate in the taxing of precious judicial resources.

In an effort to circumvent the waiver claim, defendant contends that trial counsel made other statements to the court at a presentence hearing held three days before the sentencing, which cumulate to satisfy *Scott*. We reject this contention. First, *Scott* is clear that objections must be raised contemporaneously with the pronouncement of sentence. The reason for the rule is obvious; there can be no objection before the court makes the necessary sentencing choices. A discussion at a presentence hearing of various sentencing considerations, such as factors contained in probation reports, gives the parties the opportunity to present their arguments to the court, so that it is aware of their positions before making a sentencing decision. There is no call for a defendant to interpose objections during this phase of the proceedings. It is only after the sentence is pronounced and potential errors are

pointed out that the court can cure the errors. Second, the arguments made by defendant at the presentence hearing were different from the objections raised now on appeal. At the presentence hearing he acknowledged that his prior record would support the denial of probation, but urged the court not to use his priors to impose an aggravated term. On appeal, he again concedes the propriety of denying probation based upon his prior record, but argues that this factor should not have been used to support the imposition of consecutive sentences. At the presentence hearing he further argued that dual use of the fact that he was armed was barred by section 654. The trial court obviously listened, because it stayed the imposition of sentence for exhibiting a deadly weapon to resist arrest, pursuant to section 654.

Having raised no specific objections at the time of sentencing, the defendant did not give the trial court a genuine opportunity to correct any errors it may have made. As such, he waived his right to raise the claims on appeal.

## III.

### REASONABLE DOUBT INSTRUCTION*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV.

### DISPOSITION

The judgment is in all respects affirmed.

Phelan, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied May 2, 1997, and appellant's petition for review by the Supreme Court was denied July 23, 1997. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1.