Filed 8/20/14  P. v. Mendoza CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAUL BARCENAS MENDOZA,<br><br>    Defendant and Appellant. | D064557<br><br><br>(Super. Ct. No. SCD245944) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Saul Barcenas Mendoza of possession of methamphetamine (meth) for sale (Health & Saf. Code,[1] § 11378, subd. (a)), possession of meth (§ 11377, subd. (a)), and allowing a place for meth to be stored (§ 11366.5, subd. (a)). The jury also found true two alleged enhancements: possession of more than one kilogram of meth (§ 11370.4, subd. (a)) and that the meth was possessed for sale within 1,000 feet of a school during the hours the school was open for class or class-related activities (§ 11353.6, subd. (b)).

The trial court imposed a determinate term of 16 years for the offenses and enhancements and for two prior convictions under section 11370.2, subdivision (b). The court selected the possession for sale count as the principal term and imposed the upper term of three years for that count.

Mendoza appeals challenging only the selection of the upper term for count 1. Appellate counsel apparently recognizes the sentencing issue has been forfeited by failure to object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Thus, this appeal contends trial counsel was ineffective for failing to object to the selection of the upper term for count 1.

Based on the record presented here Mendoza has failed to demonstrate error by defense counsel because there is no explanation in this record for trial counsel's decisions. However, even if we assume error has been established, Mendoza has not

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

shown prejudice within the meaning of *Strickland v. Washington* (1984) 466 U.S. 668, 687-695.

STATEMENT OF FACTS

Since Mendoza does not challenge either the admissibility or the sufficiency of the evidence to support the jury's decisions, we will only provide a brief summary of the facts in order to give context to the discussion which follows.

On January 29, 2013, police served a search warrant on Mendoza's residence, where he lived with his wife and children. The property was adjacent to an elementary school and across the street from a private preschool. The search produced four bags of meth in the backyard, less than 200 feet from the elementary school. The meth was found to be very pure and high quality. A total of 1,783 grams of meth were discovered in the search.

DISCUSSION

This appeal focuses only on the trial court's decision to select the upper term of three years instead of the middle term of two years as recommended by the probation officer. Mendoza argues that decision was erroneous because the trial court based its decision, at least in part, on facts which were the basis for the enhancements. Hence, Mendoza contends the court's decision to select the upper term was unjustified.

Mendoza does not dispute that the failure to object at trial forfeits the sentencing issue on appeal. (*People v. Scott, supra*, 9 Cal.4th at p. 353; *People v. de Soto* (1997) 54 Cal.App.4th 1, 7-8.) Mendoza's argument is that the failure of trial counsel to object, which has the effect of forfeiting the alleged sentencing error, rendered trial counsel's

representation ineffective within the meaning of the Sixth Amendment. In the interest of efficiency, we will assume, only for the sake of argument that defense counsel should have objected to the trial court's sentencing choice. Even making that assumption, Mendoza has not demonstrated any probability of a different result had an objection been made.

In stating his sentencing choices the trial judge said:

> "As far as count one, that's Health and Safety Code section 11378, possession for sale of a controlled substance; sixteen months, two or three years are the three options that are available. [¶] The court selects the upper term of three years. We're dealing with four pounds of an absolutely vile and dangerous substance, that is aggravated in terms of the sentencing options. And that in the court's mind outweighs any circumstances in mitigation, considering the purity, the fact that they were possessed in basically in the backyard where they were accessible to [appellant]'s children, and any other neighbors that might come into the yard. [¶] They were clearly close to a school and to a pre-school, and I think all of those things are aggravating circumstances would justify the upper term of three years. [¶] So three years is selected. [¶] The fact that the allegation under 11370.4(b)(l) and that the methamphetamine exceeded a kilogram in weight. A three year term is added to that initial sentence. [¶] . . . [¶] Health and Safety Code section 11353.6 subdivision (b), the offense was within 1,000 feet of a public or private school, it was within 1,000 feet of two schools, one public, one private. The private one being a pre-school. That is sentencing range of three, four, or five years. Middle term is going to be selected on that. [¶] I understand the argument for increasing that to the upper term; and, while I agree that they probably are an upper term case, I'm selecting the middle of four."

A. The *Strickland v. Washington* Standard

A criminal defendant has a Sixth Amendment right to effective assistance of counsel in the trial court. (*People v. Bonin* (1989) 47 Cal.3d 808, 833.) When presenting a claim of ineffective assistance of counsel, the defendant bears the burden of proof.

4

(*People v. Haskett* (1990) 52 Cal.3d 210, 248.)  Under the two-prong test of *Strickland v. Washington, supra*, 466 U.S. 668, 687-695, the defendant must show that counsel's performance was deficient and that any such deficiency caused the defendant prejudice. Prejudice is defined as demonstrating a reasonable probability a more favorable result would have occurred in the absence of counsel's error.  (*People v. Osband* (1996) 13 Cal.4th 622, 728-729.)

In order for Mendoza to establish prejudice, even assuming error in this case, he must show that if there had been an objection, based on dual use of facts, the trial court would have selected the middle term.  Thus we will address the trial court's choice of the upper term for count 1 to assess possible prejudice

## B.  Review of Sentencing Choices

In order to assess possible prejudice from counsel's failure to object at trial, we seek to determine if an objection to the upper term choice would probably have resulted in a different outcome.  In making that analysis we are aware Mendoza contends there is no evidence to support an upper term, save for the facts used to support the enhancements.  We disagree.

"Even if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' "  (*People v. Jones* (2009) 178 Cal.App.4th 853, 861; *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1775.)

5

Improper dual use of the same fact for both the upper term and for consecutive sentences or enhancements does not require resentencing if it is not reasonably probable that a more favorable sentence would have been imposed without the error. (*People v. Osband*, *supra*, 13 Cal.4th at pp. 728-729.)

First the parties disagree about "dual use." Mendoza contends the court's reference to almost four pounds of meth was simply reference to the fact the weight enhancement is based on one kilogram or more. The respondent argues the court could consider the weight was almost twice the minimum. We need not resolve that dispute because there were clearly proper factors in aggravation available to the court. Similarly we need not resolve whether it was proper to consider the close proximity to both an elementary school and a pre-school.

Any reading of the sentencing transcript shows the experienced criminal law trial judge believed this case was more serious than the normal case of possession of meth for sale. The court emphasized the high quality and purity of the meth as aggravating. Both parties here recognize the purity of crystal meth can be used as an aggravating factor under section Penal Code section 1170.74. The section provides: "Upon conviction of a felony violation of section 11377, 11378, 11379, or 11379.6 of the Health and Safety Code, for an offense involving methamphetamine, the fact that the controlled substance is crystalline form of methamphetamine shall be considered a circumstance in aggravation of the crime in imposing a term under subdivision (b) of Section 1170."

The court also emphasized the risks to Mendoza's own children and neighborhood children by storing a large quantity of pure meth in a place which was easily accessible to

6

children. Mendoza minimizes this factor contending it is just another part of the school proximity enhancement. We disagree.

Certainly the enhancement regarding school proximity is designed to protect children from the pernicious effects of drug dealing. However, in assessing Mendoza's culpability, the trial judge could certainly give weight to Mendoza's callous placing of his children and neighborhood children at risk. Such risk has nothing to do with the facts which support the school proximity enhancement.

Even if one doubts the propriety of the trial court's reference to the quantity of the substance and to the close proximity to schools, clearly there are good and valid reasons for the trial court's unremarkable conclusion that Mendoza's possession for sale was more serious than the ordinary crime under that statute. We are convinced there is no likelihood that an objection by trial counsel would have made any difference in the outcome of this sentencing.[2] Accordingly, Mendoza has failed to demonstrate prejudice as required by *Strickland v. Washington, supra*, 466 U.S. 668. Mendoza was not denied effective assistance of counsel.

---

[2] We note that the court's sentencing statement and the probation officer's report recognize that an upper term for the proximity enhancement could have been imposed. Both recognize the factors in aggravation outweigh the factors in mitigation. The court however imposed the middle term. Hypothetically, in the unlikely event trial counsel could have persuaded the court not to impose the upper term on count 1, the same sentence could have been achieved by imposing the upper term on the enhancement.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.