Filed 7/6/16  P. v. Velasquez-Mosqueda CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075426 |
| v. | (Super. Ct. No. 12F04699) |
| JUAN OMAR VELASQUEZ-MOSQUEDA, | |
| Defendant and Appellant. | |

A jury convicted defendant Juan Omar Velasquez-Mosqueda of kidnapping and assault on a minor with force likely to produce great bodily injury.  The trial court sentenced him to an aggregate of six years in prison.

Defendant now contends (1) the trial court abused its discretion in selecting the midterm of five years on the kidnapping count, and (2) if defense counsel needed to object in the trial court to preserve the first contention for appeal, defendant received ineffective assistance of counsel.

We conclude (1) defendant forfeited his first contention because his defense counsel did not object to the sentence in the trial court, and (2) defendant has not established ineffective assistance of counsel.

We will affirm the judgment.

1

## BACKGROUND

In July 2012, the victim, who was 14 years old at the time, went with two friends to a birthday party at a house. Pebbles Savala, who lived at the house, was dating Edgar Mares, who had previously dated the victim. Pebbles informed Edgar by telephone that she was going to beat up the victim. Edgar was incarcerated at the time. The phone conversation between Pebbles and Edgar was recorded and played for the jury.

About 35 minutes after arriving at the house, the victim received a text message from her mother telling her to come home. When the victim attempted to leave, Pebbles confronted her and said, "Why are you talking about me?" Pebbles punched the victim numerous times. Pebbles's brother, David Savala, videotaped the incident and encouraged Pebbles to hit the victim. The videotape was played for the jury. While Pebbles was hitting the victim, other people at the party yelled, "Get her, get her." At one point, A.C., M.A., David and defendant joined in the attack. Defendant punched the victim in the face and kicked or hit the victim in her "private area." He also attempted to pull the victim's pants down.

After the attack ended, David pushed the victim out the front door and told her to go home. As the victim walked home, the previous attackers pulled up in a van and began yelling at her, and the victim took off running. Defendant grabbed the victim by the hair, pushed her into the back of the van and forced her into a face down position by grabbing her hair. Defendant held the victim down for about five minutes, even though the victim said she could not breathe.

While traveling in the van, David told defendant to have sex with the victim in the back seat. Defendant touched and rubbed the victim's thigh. He also touched the victim's vagina over her clothes. When the victim pulled defendant's hand away and told him to stop, defendant punched her in the face. Defendant then repeatedly attempted to put his hand down the victim's bra. He finally stopped after about the fifth time the victim told him to stop.

Pebbles and others in the van threatened to prostitute the victim. That night they all stayed in the same room. The next day, Pebbles, A.C. and M.A. told the victim to take a shower because they were going to prostitute her for money. While the victim was in the shower, A.C. took a picture of her to post on a prostitution website.

When the victim got out of the shower, she wrapped herself with a towel and went into A.C.'s room. Defendant came into the room and attempted to take the victim's towel off. The victim resisted and defendant punched her in the face. After defendant left the room, Pebbles told the victim she was going to make them a lot of money working as a prostitute.

Following a trip to Walmart where the victim was told to shoplift certain items, Pebbles, defendant, and another individual drove the victim to an area known for prostitution. However, because there was no one driving around, they decided to leave. Around 2:00 a.m., the victim was dropped off in front of an apartment complex where she used to live. Pebbles told the victim not to "snitch" because she has gang members in her family. The victim walked home and told her mother what happened.

The jury found defendant guilty of kidnapping (Pen. Code, § 207, subd. (a) -- count 2)[1] and assault on a minor with force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count 3). The jury found defendant not guilty of aggravating kidnapping (§ 209, subd. (a) -- count 1) and was unable to reach a verdict on the charge of sexual battery (§ 243.4, subd. (d)(1) -- count 5), which was dismissed upon a motion by the prosecutor.

The probation report recommended an aggregate prison term of nine years, consisting of the upper term of eight years for the kidnapping and a consecutive one year (one-third the midterm) for the assault. As to circumstances in aggravation, the report

---

[1] Undesignated statutory references are to the Penal Code.

identified three circumstances: (1) the crime involved great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1));[2] (2) the manner in which the crime was carried out indicated planning (rule 4.421(a)(8)); and (3) defendant engaged in violent conduct indicating that he is a serious danger to society (rule 4.421(b)(1)). As to criteria affecting consecutive or concurrent sentences, the report stated that a consecutive sentence was appropriate because the crimes committed by defendant involved separate acts of violence or threats of violence. (Rule 4.425(a)(2).) As circumstances in mitigation, the report noted that defendant was youthful (age 19) (rule 4.408) and had no prior criminal record (rule 4.423(b)(1)).

At sentencing, the prosecutor argued for the sentence recommended by the probation officer, while defense counsel argued for probation or the low term on each count. The trial court sentenced defendant to an aggregate term of six years in prison, consisting of the midterm of five years for the kidnapping and a consecutive one year (one-third the midterm) for the assault. The trial court explained that it chose the midterm for the kidnapping count because the factors in mitigation (defendant's age and lack of prior criminal record) balanced the factors in aggravation (the fact that the crime involved great violence and great bodily harm disclosing a high degree of cruelty, viciousness, and callousness, and defendant's conduct indicates he is a serious danger to society). The trial court noted defendant's repeated failure to follow the rules in jail -- the probation report said defendant failed to rise for count on five separate occasions and left his cell without permission on two occasions when the jail was on lockdown -- and the trial court also noted that defendant had engaged in other instances of misconduct after the probation report was prepared, such as being in the wrong cell, improperly

---

[2] Undesignated rule references are to the California Rules of Court.

pushing the panic button for an hour, and sneaking out of his cell to use the phone. The trial court said defendant's behavior showed an increasing defiance to correctional officers and did not reflect true repentance, sorrow or a willingness to conform to the rules of society.

## DISCUSSION

### I

Defendant contends the trial court abused its discretion in selecting the midterm of five years on the kidnapping count. The contention is forfeited.

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial. [Citation.] The rule applies to 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons.' " (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751; see *People v. McCullough* (2013) 56 Cal.4th 589, 594-595, 597, 599.)

The record reflects that defendant's counsel had a fair opportunity to object to the trial court's sentencing decision but did not. Nevertheless, defendant argues his statement in mitigation and request for probation were tantamount to an objection to the sentence imposed. We disagree. Objections to an imposed sentence must be sufficiently specific to provide the trial court with a meaningful opportunity to correct any errors. (*People v. De Soto* (1997) 54 Cal.App.4th 1, 9.) The failure to object with specificity results in forfeiture of the claims on appeal. (*Id*. at p. 10.) Because defendant failed to specifically object to the trial court's sentencing decision, he has forfeited his right to challenge that decision on appeal.

II

Defendant next claims that if his trial attorney needed to object in the trial court to preserve the first contention on appeal, defendant received ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693].) "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [Citation.]" (*People v. Williams* (1997) 16 Cal.4th 153, 215.) If defendant makes an insufficient showing on either one of these components, his ineffective assistance claim fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland v. Washington,* at p. 687.)

"It is particularly difficult to prevail on an appellate claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai, supra,* 57 Cal.4th at p. 1009, italics omitted.) As a general matter, because the failure to object to evidence usually involves a tactical decision on counsel's part, it rarely establishes a counsel's incompetence. (*People v. Frierson* (1979) 25 Cal.3d 142, 158; see also *People v. Boyette* (2002) 29 Cal.4th 381, 433.)

To properly analyze whether defendant's trial counsel was ineffective in failing to object, it will be helpful to review the applicable substantive law and the trial court's exercise of discretion.

Under California's determinate sentencing law, three terms of imprisonment are specified by statute for most offenses. (*People v. Sandoval* (2007) 41 Cal.4th 825, 836.) "Kidnapping is punishable by imprisonment in the state prison for three, five, or eight years." (§ 208, subd. (a).) The choice of the appropriate term rests within the sound discretion of the court. (§ 1170, subd. (b).) In exercising his or her discretion, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Rule 4.420(b).)

When making sentencing decisions, trial courts have wide discretion in weighing aggravating and mitigating factors. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A single valid aggravating factor justifies the upper term. (*People v. Black* (2007) 41 Cal.4th 799, 815.) In making discretionary sentencing decisions, the trial court "is not prohibited from considering evidence underlying charges of which a defendant has been acquitted." (*People v. Towne* (2008) 44 Cal.4th 63, 71.) Abuse of discretion only occurs when the trial court's determination is "arbitrary or capricious" or exceeds the bounds of reason. (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

Here, the trial court chose the midterm sentence on the kidnapping count because it determined that the factors in mitigation balanced the factors in aggravation. The trial court did not abuse its discretion in weighing the aggravating and mitigating factors and determining that a midterm sentence was appropriate. The sentencing choice was not arbitrary or capricious and did not exceed the bounds of reason.

Moreover, the trial court did not err in relying on the aggravating factors it cited at sentencing. There was evidence showing that defendant punched the victim in the face, kicked or hit her in her "private area," and attempted to pull her pants off at the party. There was also evidence showing that, after the victim left the party, defendant punched the victim in the face on two separate occasions, dragged her into a van by her hair, forced her face into a downward position by grabbing her hair, touched and rubbed her thigh, touched her vagina on the outside of her pants, repeatedly attempted to touch her breasts, and attempted to pull a towel off of her. In addition, there was evidence showing that defendant was present on both occasions when the victim was driven to an area known for prostitution and told she was going to have to work as a prostitute against her will. The record amply supports the trial court's determination that defendant's acts involved great violence and great bodily harm disclosing a high degree of cruelty, viciousness, and callousness, and that defendant is a serious danger to society. Defendant's crimes, which were perpetrated over an extended period of time and in the view of others, not only caused physical harm to the victim but also exposed her to fear, shame, and humiliation.

Furthermore, it was not improper for the trial court to use the fact that defendant punched the victim at the party as an aggravating factor. The prohibition against dual use in rule 4.420(d) applies to using an element of a crime to impose the upper term; it does not apply when, as here, the middle term is imposed. (See *People v. Haynes* (1984) 160 Cal.App.3d 1122, 1137-1138.)

In addition, the trial court did not err in considering defendant's behavior in jail. As defendant concedes, the trial court did not find that the jail conduct was an aggravating factor. Instead, the trial court noted defendant's behavior in jail as further support for its determination that defendant was a serious danger to society. In any event, because such conduct was reasonably related to the trial court's sentencing decision, the trial court had the discretion to consider it. (Rule 4.420(b).)

8

Thus, on the record before us, we cannot say trial counsel's representation was deficient. In view of the egregious nature of defendant's conduct and the trial court's explanation for its chosen sentence, it cannot be said that there was no rational purpose for trial counsel's failure to object to the sentence imposed. The trial court relied on valid aggravating and mitigating circumstances set forth in the rules of court in making its sentencing decision. Further, the trial court did not err in considering defendant's behavior in jail because it was reasonably related to its sentencing decision. Under the circumstances, trial counsel could have reasonably concluded that an objection would not have resulted in a reduction of defendant's sentence. Indeed, given the circumstances in aggravation, the trial court would have acted well within its discretion if it had imposed the upper term as requested by the probation officer and the prosecutor. Thus, we cannot fault counsel for not making what would have been a futile objection. Moreover, defendant failed to establish prejudice. It is not reasonably probable that, absent the alleged errors by trial counsel, the trial court would have chosen a lesser sentence. Accordingly, defendant's claim of ineffective assistance of counsel fails.

## DISPOSITION

The judgment is affirmed.

            /S/
          MAURO, J.

We concur:


      /S/
NICHOLSON, Acting P. J.


      /S/
RENNER, J.

9