Filed 8/29/22  P. v. Gutierrez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO GUTIERREZ,<br><br>    Defendant and Appellant. | D079300<br><br><br>(Super. Ct. No. JCF002869) |

APPEAL from a judgment of the Superior Court of Imperial County, Monica Lepe-Negrete, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Fernando Gutierrez and several other combatants got into a street brawl. After the fight ended, Gutierrez got into his car, steered it to face the other combatants, accelerated, and struck or otherwise injured multiple victims. He was found guilty of five counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); counts 1–5), one count of driving while under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 6), and one count of hit and run resulting in injury to another person (*id.*, § 20001, subd. (b)(1); count 7). The trial court sentenced him to eight years and eight months in prison, calculated as follows: the upper term of four years for count 5, plus consecutive one-year terms for counts 1–4 (one-third the midterm), plus a consecutive upper term of eight months for count 7. It imposed and stayed punishment for count 6 under Penal Code section 654.

Gutierrez appeals the judgment of conviction. He claims the trial court violated the prohibition against the dual use of sentencing factors. In particular, he asserts the court erroneously relied on the same factors both to impose the upper term for count 5 and run the sentences for counts 1–4 consecutively.

Gutierrez waived his argument by failing to object to the claimed sentencing error in the trial court. Further, he has not established that the trial court impermissibly relied on the same factors both to impose the upper term and run the terms concurrently. The judgment is affirmed.

## II

## BACKGROUND

One evening, a fight involving Gutierrez and several other people broke out in an El Centro neighborhood. Accounts differ as to why the skirmish occurred. One participant testified that Gutierrez slashed the tires to his truck. He claimed he confronted Gutierrez to admit fault or pay for the tires, but Gutierrez started the fight by pushing him and throwing a glass bottle. Gutierrez, on the other hand, testified that the other participants started punching and kicking him without provocation. In any event, the fight started and then ended soon afterwards. After the fight, Gutierrez walked to his car and the other participants retreated to a nearby home with an attached carport.

Gutierrez started his car and sat in it for a few seconds. He pulled out of his parking spot, quickly accelerated the car, and steered it directly into the carport where some of the fight participants and their family members were congregated. Multiple victims were struck by the car or otherwise injured. Gutierrez reversed his car and drove off.

A short time later, Gutierrez crashed his car into a light post. He was taken to the hospital and a blood draw was performed. Testing showed he had a blood alcohol concentration of 0.098 at the time of the blood draw, which took place more than two hours after the fight.

## III

## DISCUSSION

Gutierrez challenges his sentence on grounds that the trial court violated the prohibition against the dual use of sentencing factors. He claims the court erred because it purportedly relied on the same factors both to impose the upper term for count 5 and run the terms for counts 1–4

3

consecutively.  (See *People v. Scott* (1994) 9 Cal.4th 331, 350, fn. 12 (*Scott*) ["it is clear that the court cannot rely on the same fact to impose both the upper term and a consecutive sentence"]; Cal. Rules of Court, rule 4.425(b) ["Any circumstances in aggravation or mitigation … may be considered in deciding whether to impose consecutive rather than concurrent sentences, except[] [¶] … [a] fact used to impose the upper term"].)

Preliminarily, Gutierrez waived his argument because he did not object to the alleged dual-use violation in the proceedings below.  "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal," including arguments that the court "double-counted a particular sentencing factor" in the sentence.  (*Scott, supra*, 9 Cal.4th at pp. 353, 356; see *People v. de Soto* (1997) 54 Cal.App.4th 1, 7–8 (*de Soto*) [defendant waived argument concerning dual-use violation by failing to raise specific objection in the trial court].)  We apply the waiver rule under these circumstances to "reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them."  (*Scott*, at p. 353.)

Gutierrez contends he did not waive his dual-use argument because prior to sentencing he filed a mitigation statement in which he argued that certain factors warranted imposition of the lower- or middle-term for the principal term and concurrent sentences for the subordinate terms.  These arguments were neither timely nor specific; therefore, they did not preserve his dual-use claim for appeal.  (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1468 ["The law generally requires not only a timely but a *specific* objection or motion to preserve an issue for appeal."], italics omitted.)  The arguments were not timely, as they were raised well before imposition of the sentence.  (*de Soto, supra*, 54 Cal.App.4th at p. 9 [arguments at presentencing hearing

4

did not preserve claims of sentencing error because "objections must be raised contemporaneously with the pronouncement of sentence"]; accord *Scott, supra,* 9 Cal.4th at p. 351 ["courts have required parties to raise certain issues at the time of sentencing"], italics omitted.) And they were not specific, as they concerned issues unrelated to the alleged dual-use violation at issue in this appeal. (*de Soto,* at p. 9 [boilerplate objections do not preserve specific sentencing arguments for appeal].) For both of these reasons, the arguments set forth in Gutierrez's statement in mitigation did not preserve his dual-use argument for appeal.

In the alternative, Gutierrez argues his argument was not waived because he did not have a meaningful opportunity to object to the dual-use violation at sentencing. The waiver rule applies only if the defendant had "a meaningful opportunity to object" to the trial court's sentencing decision. (*Scott, supra,* 9 Cal.4th at p. 356.) The corollary to this rule, of course, is that "[i]t is only if the trial court fails to give the parties any meaningful opportunity to object that the [waiver] rule becomes inapplicable." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

Gutierrez had sufficient opportunity to object to the alleged dual-use violation. The court gave an indicated sentence prior to sentencing and permitted argument from both parties regarding their respective positions during the sentencing hearing. After denying probation, the court designated count 5 as the principal term and indicated its intent to impose the upper term. The court explained the upper term was warranted due to several aggravating circumstances: (1) Gutierrez showed "an absolute and callous disregard for human life," (2) he "used the car as a deadly weapon," (3) his actions "were volatile and brutal," and (4) he was on probation at the time of his crimes. (See Cal. Rules of Court, rule 4.421(a)(1) & (2); *id.,*

5

rule 4.421(b)(1) & (4).) Further, the court noted there were no factors in mitigation. In doing so, the court rejected Gutierrez's contentions that he acted under extreme provocation and the victims were the initial aggressors. Then, the court stated its intention to run the subordinate terms consecutively. It pronounced its intended sentence for the remaining two counts (counts 6 and 7) and revoked probation in a separate criminal case.

Thereafter, the court invited comment from counsel three times before adjourning. The first invitation simply asked counsel to confirm the court's mathematical calculations ("So his total state prison sentence is eight years, eight months. [¶] Am I correct, counsel, my math?"). However, the second and third invitations were open-ended requests for comment (the court twice asked, "Anything else, counsel?"). In response, the prosecutor raised a previously-unaddressed sentencing issue—an updated custody credit calculation. However, defense counsel did not object to the court's supposed dual use of sentencing factors. Further, there is no indication the court discouraged or precluded defense counsel from objecting to the sentence. On this record, we conclude Gutierrez had a meaningful opportunity to object. (See *People v. Boyce* (2014) 59 Cal.4th 672, 731 [defendant had meaningful opportunity to object where court entertained arguments of counsel, pronounced sentence, and "adjourned after asking counsel if there was anything else to discuss"].)

Even if Gutierrez had preserved his argument, we would still affirm the judgment. As noted, the court discussed various factors warranting the imposition of an aggravated sentence for the principal term (count 5). It did not specify its reasons for running the subordinate terms (counts 1–4) consecutively. Gutierrez acknowledges the court did not articulate its reasons for running the terms consecutively. However, he argues we must

6

assume the court impermissibly relied on the same factors both to impose the upper term and run the subordinate terms consecutively. That is not how the principles of appellate review operate.

"[O]n appeal a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) " ' "In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) " 'Error may not be presumed from a silent record.' " (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097.)

Gutierrez has not carried his burden of establishing prejudicial error. The record before us does not disclose the reasons the trial court ran the subordinate terms consecutively. Because the record is silent with respect to this issue, we presume the court properly exercised its discretionary sentencing authority.

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.

7