Filed 11/28/23  P. v. Frye CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>JOE EDWARD FRYE,<br><br>       Defendant and Appellant. | C096975<br><br>(Super. Ct. No. 26719) |

At a resentencing hearing, the trial court struck a prior prison term enhancement on defendant Joe Edward Frye's sentence and reimposed the remainder of the original sentence.  On appeal, defendant claims the trial court did not exercise informed discretion because it limited its review to the prior prison term enhancement.  Though defendant forfeited this claim by failing to raise it below, we exercise our discretion to reach the issue, vacate the sentence, and remand for resentencing.

FACTS AND HISTORY OF THE PROCEEDINGS

As relevant here, in 1980, a jury found defendant guilty of second-degree murder (Pen. Code, § 187; undesignated statutory references are to the Penal Code) and found true an allegation that defendant used a deadly or dangerous weapon (§ 12022, subd. (b)).  Defendant admitted he had been convicted of a prior felony (§ 667.5, subd. (b)).  The trial

1

court sentenced defendant to 15 years to life in prison for the murder conviction and one year each for the two enhancements.

In 2022, the Department of Corrections and Rehabilitation informed the trial court that defendant was serving a sentence for a prior prison term enhancement declared legally invalid by section 1172.75 (former section 1171.1). (Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive changes. (Stats. 2022, ch. 58, § 12.) We will cite to the current section 1172.75 throughout this opinion.) On July 8, 2022, the trial court struck the sentence for the prior prison term enhancement and resentenced defendant to the same term for the murder conviction and deadly weapon enhancement, resulting in a new aggregate sentence of 16 years to life. At the resentencing hearing, defendant asked the court: "Is there something I can do to get some kind of relief to the courts here? Because I'll be 70 years old in October. So I've been locked up 42 years on 17 to life." The court responded: "That issue is not in front of me this morning, Mr. Frye. I don't make that determination. Somebody else does. My job today is just to resentence you pursuant to the change in the law that has occurred."

On September 12, 2022, the trial court received defendant's notice of appeal.

## DISCUSSION

Defendant contends the trial court erred by concluding "it had discretion only to strike the prison prior" and "had no authority to reconsider any [other] aspect of the sentence."

The People first argue this appeal should be dismissed because defendant's notice of appeal was untimely. A notice of appeal in a criminal case "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.308(a); rule citations that follow are to the California Rules of Court unless otherwise specified.) "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th

106, 113.) "Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal." (*In re Jordan* (1992) 4 Cal.4th 116, 121.)

Here, the notice of appeal was actually filed at the trial court on September 12, 2022—six days after the September 6 deadline. Defendant acknowledges as much but argues the notice was timely under the "prison mailbox rule." Under this rule, a self-represented prisoner's notice of appeal is deemed timely filed if the notice is delivered to prison authorities before the expiration of the 60-day time period. (*In re Jordan*, *supra*, 4 Cal.4th at pp. 129-130.) Rule 8.25(b)(5) further provides that, "[i]f the clerk receives a document by mail from an inmate or a patient in a custodial institution after the period for filing the document has expired but the envelope shows that the document was mailed or delivered to custodial officials for mailing within the period for filing the document, the document is deemed timely."

In support of his application, defendant submits a declaration averring that he delivered the notice of appeal to a correctional officer for mailing on August 29, 2022. Defendant also signed his notice of appeal on August 29, 2022, and a correctional officer signed and dated the flap of the envelope in which the notice was mailed September 6, 2022. Based on this record, it is reasonable to infer that defendant delivered his notice of appeal to prison officials by the September 6 deadline. Accordingly, we grant defendant's application to construe his notice of appeal as timely filed.

The People next argue that defendant forfeited his claim by failing to ask for a different sentence for the murder conviction and deadly weapon enhancement below. Defendant responds that the issue was preserved when he asked the court, "Is there something I can do to get some kind of relief to the courts here?" We disagree. The absence of a specific objection based on section 1172.75 forfeits the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. de Soto* (1997) 54 Cal.App.4th 1, 8 ["[B]y failing to raise sufficiently specific objections at the time of sentencing, defendant

3

has waived his right to claim any of these sentencing errors"].)  But to forestall a claim of ineffective assistance of counsel, we exercise our discretion to decide the merits of this appeal.  (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"].)

On the merits, the People concede that defendant was entitled to a full resentencing.  We agree.  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)  We remand so defendant may argue in the trial court that his sentence should be further modified.  We offer no opinion on the outcome of the resentencing hearing.

DISPOSITION

The sentence is vacated and the matter is remanded for resentencing consistent with section 1172.75, subdivision (d).

HULL, Acting P. J.

We concur:

DUARTE, J.

KEITHLEY, J.*

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.