Filed 12/29/25  P. v. Mendiola CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B337276 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA151048) |
| v. | |
| JOSE MENDIOLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kelvin D. Filer Judge.  Affirmed as modified with directions.

Steven Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

**MEMORANDUM OPINION**[1]

On direct appeal, we affirmed appellant Jose Mendiola's convictions for the second degree murder of Alexiz Orona (§ 187, subd. (a); count 1); conspiracy to commit murder (§ 182, subd. (a)(1); count 2); the willful, deliberate, and premeditated attempted murder of Valentin Quintero (§§ 187, subd. (a), 664; count 3); and shooting at an occupied motor vehicle (§ 246, count 4). (*People v. Mendiola* (Jan. 6, 2023, B313404) [nonpub. opn.].) However, we vacated the jury's findings on the gang and gang-related firearm enhancements, and also vacated the sentences on counts 1 and 4. We remanded the matter for possible retrial of the gang and gang-related firearm allegations and resentencing. (*Ibid.*) We grant appellant's unopposed request for judicial notice of the record in that appeal.

On remand, the prosecution declined to retry the gang and gang-related firearm enhancements. Appellant filed a written sentencing brief requesting that the court run the sentences on all four counts concurrently, "based on Jose Mendiola's age, lack of prior criminal history, his home environment and the circumstances leading to the incident which resulted in Alexis [*sic*] Orona's death." Appellant supported the brief with a 14-page "psychosocial history" prepared by a social worker who interviewed him and members of his family. His counsel

---

[1]    We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

submitted on the brief at the sentencing hearing without making further argument.  The prosecution did not submit a sentencing brief or make formal argument at the hearing.

The trial court resentenced appellant to a total term of 40 years to life.[2]  It imposed a term of 15 years to life on count 1, the second degree murder of Orona, and a consecutive term of 25 years to life on count 2, conspiracy to commit murder.  The court explained it ran the sentences consecutively "because I believe we have different conduct as it relates to the conspiracy charge, and different victims, as well, as it relates to the conspiracy charge."[3]  The court imposed and stayed a life term on count 3, the premeditated attempted murder of Quintero, and also imposed and stayed a term of 25 years to life for a related personal use firearm enhancement (§ 12022.53, subd. (d)).  It imposed the midterm of five years on count 4, shooting at an occupied motor vehicle, which it explained would be concurrent "because it is the same incident, same time, same criminal intentions that we have in the previous counts."  The court dismissed all remaining enhancement allegations.  At the conclusion of the hearing, the court asked both sides if they had "anything else . . . to add."  Neither did.

---

[2]     The trial court originally sentenced appellant to a total term of 70 years to life.  Notably, it made the same decisions regarding concurrent and consecutive terms and application of section 654 that it made at resentencing.

[3]     The court made similar remarks at the initial sentencing hearing, stating, "the court is ordering that it run consecutive because you really have different objects, different victims who were target [*sic*] of the offenses, and really some different conduct because the conspiracy is really an agreement that Mr. Mendiola entered into with some others before the actual shooting."

Appellant now contends the trial court abused its discretion by imposing consecutive rather than concurrent sentences on counts 1 and 2, the murder of Orona and the conspiracy to commit murder. He argues that "the conspiracy, its overt acts, and its objects involved [a] single period of aberrant behavior," and the court's implicit finding that Quintero was the target of the conspiracy is "highly questionable" in light of the lack of a named target in the information and the prosecution's "suggest[ions]" during closing argument that "the conspiracy extended to killing or shooting at both victims." He further asserts that "the trial court correctly recognized that the shooting at the victim's car in count four was bound up with the other offenses such that consecutive punishment should not or could not be imposed. It [*sic*] failure to draw the same conclusion about the shooting in counts one and two was irrational and requires reversal." Respondent Attorney General contends these arguments are forfeited because appellant did not raise them below. We agree.

A "defendant who fails to object before the trial court to a sentence on the ground that it is being 'imposed in a procedurally or factually flawed manner' generally forfeits the right to challenge such error on appeal." (*In re F.M.* (2023) 14 Cal.5th 701, 710, quoting *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) The objections must be specifically articulated, to provide the trial court with a meaningful opportunity to evaluate the claims and correct any errors. (*People v. De Soto* (1997) 54 Cal.App.4th 1, 9; see also *Scott, supra,* 9 Cal.4th at p. 353 ["Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."].) None of the arguments appellant now presents was raised in the

trial court.  Instead, appellant made a general request for concurrent sentencing and cited various mitigating factors unrelated to those he now advances.  Appellant did not object when the court stated its reasons for imposing consecutive sentences, nor did he object when given the opportunity to do so at the conclusion of the hearing.  We accordingly find these arguments forfeited.

Furthermore, we decline appellant's request to exercise our discretion to excuse the forfeiture.  Even if we were to reach the merits of these contentions, we would not find an abuse of discretion.  The trial court has broad discretion under section 669 to impose consecutive sentences when a defendant is convicted of two or more crimes.  (§ 669; *People v. Leon* (2010) 181 Cal.App.4th 452, 467.)  Under California Rules of Court, rule 4.425(a), the court may consider facts related to the crimes, including whether "[t]he crimes and their objectives were predominantly independent of each other"; whether the crimes "involved separate acts of violence or threats of violence"; and whether the crimes "were committed at different times or separate places."  Rule 4.425(b) further authorizes the court to consider "[a]ny circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt," unless the circumstances are an element of the crime or were already used to impose an upper term or enhance the defendant's sentence. (Cal. Rules of Court, rule 4.425(b).)  It is also well-established that the court may "impose consecutive sentences where . . . a single act has resulted in crimes against multiple victims." (*People v. Leon*, *supra*, 181 Cal.App.4th at p. 468.)

5

The factors the court cited here are well within these parameters. It also reasonably concluded that shooting at the vehicle occupied by both Orona and Quintero was part and parcel of the murder of Orona in a way that the conspiracy was not. Virtually all the overt acts in the conspiracy involved appellant's efforts to locate and rendezvous with Quintero, and the willful, deliberate, and premeditated nature of the attempted murder of Quintero necessarily made it the object of the conspiracy and distinguished it from the contemporaneous second degree murder of Orona. (See *People v. Lamb* (2024) 16 Cal.5th 400, 442 ["'"[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder."'"].)

Appellant's preserved arguments regarding his youth and childhood trauma also fail to establish an abuse of discretion. The trial court was entitled to weigh these mitigating factors against the serious aggravating circumstances of the crimes. (See Cal. Rules of Court, rule 4.425; cf. *People v. Mitchell* (2022) 81 Cal.App.5th 575, 595 [stating that the "fact of youth cannot overwhelm all other factors" in the context of determining whether a defendant was a major participant in a murder and acted with reckless indifference to human life].) "The reviewing court cannot substitute its reasons for those omitted or misapplied by the trial court, nor can it reweigh valid factors bearing on the decision below." (*Scott*, *supra*, 9 Cal.4th at p. 355.)

Finally, appellant argues, and respondent concedes, that the abstract of judgment must be corrected to accurately reflect the sentence orally imposed by the court. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."

6

(*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We may order the correction of clerical errors therein at any time to ensure alignment with the trial court's oral pronouncement.  (*Ibid.*)  Here, the abstract incorrectly states that the court imposed an enhancement term of 25 years to life for gang-related firearm enhancements (§ 12022.53, subds. (d), (e)(1)) on count 1.  In fact, those enhancements were not retried; they both must be stricken from the abstract as it pertains to count 1.  The abstract also incorrectly states that the enhancement imposed and stayed on count 3 was imposed under both subdivisions (d) and (e)(1) of section 12022.53.  The inaccurate reference to subdivision (e)(1) must be stricken.  We disagree with appellant that changes to count 4 are necessary; the abstract accurately reflects the court's pronouncement of a concurrent sentence rather than the prosecution's inaccurate remarks that the sentence was stayed.

## DISPOSITION

The abstract of judgment must be modified to strike the imposition of enhancements on count 1 and the section 12022.53, subdivision (e)(1) enhancement on count 3.  The judgment is otherwise affirmed as modified.  The trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, P. J.                                        TAMZARIAN, J.

7