Filed 9/8/23  P. v. Green CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JADEN JOSEPH GREEN,<br><br>      Defendant and Appellant. | A166461<br><br>(Del Norte County<br>Super. Ct. No. CRF 20-9180) |

Defendant Jaden Joseph Green appeals after the trial court executed a previously suspended sentence following a probation violation.  He contends that the trial court failed to consider a recent statutory amendment affecting his sentence, that it erred in failing to require an updated probation report, and that his counsel provided ineffective assistance in not calling these matters to the trial court's attention.  We reverse and remand the matter for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged in April 2020 with felony second degree robbery (Pen. Code, § 211),[1] misdemeanor resisting a peace officer (§ 148, subd. (a)(1)), and misdemeanor possession of nitrous oxide (§ 381b).  At the

---

[1] All undesignated statutory references are to the Penal Code.

time of the offenses, he was on misdemeanor probation. (Veh. Code, § 2800.1.)

Defendant entered into a plea agreement under which he would plead guilty to the robbery charge only and receive a grant of probation, and the court could consider the dismissed counts in deciding whether to grant probation and in selecting a prison term. On May 18, 2020, defendant pled guilty to the robbery charge.

As the factual basis for the plea, the prosecutor explained that on April 13, 2020, defendant entered a store in Crescent City and tried to buy Whip-Its (canisters of nitrous oxide, used for getting high), but his credit card was declined. Defendant told the store employee he would take the Whip-Its by force if necessary. He reached over the counter and took a box of Whip-Its worth more than $400 and left the store. He was caught by law enforcement officers and resisted as they tried to detain him.

On June 25, 2020 the trial court imposed, then suspended, the midterm of three years for the robbery. (§ 213, subd. (a)(2).) It explained, "I agree that the midterm would be appropriate. Looking at this, terms in aggravation and mitigation, they're—I think that they balance. . . . ¶ And so the midterm is the appropriate term." The court explained that it was imposing sentence before suspending it because "the execution of sentence suspended is probably a bigger hammer. ¶ What that means is if you violate your terms of probation, you're just going to go to prison. There won't be any more chances. This is it. And, hopefully, you can get that into your head. . . . Stay out of trouble because the consequences to you are really, really serious." Defendant was placed on probation for three years. Among the conditions, he was required to abstain from consumption of alcohol and marijuana and to submit to drug and alcohol testing and provide clean test results.

A petition for revocation of probation was filed on February 14, 2022, alleging that defendant complied with the terms of probation until November 2021, but that between November 9, 2021 and February 4, 2022, his drug tests were positive for cocaine four times and he twice failed to submit to a scheduled drug test.

Defendant did not appear for a hearing on March 1, 2022, and a warrant was issued for his arrest. He was arrested at his home on June 23. An officer performed a pat-down search and found a bag of methamphetamine. Drug paraphernalia and ammunition were found in defendant's bedroom.

The People filed another petition to revoke defendant's probation on June 27, 2022, alleging that on the date of his arrest he unlawfully possessed ammunition (§ 30305) and a controlled substance (Health & Saf. Code, § 11377). The trial court found defendant in violation of his probation.[2]

On September 29, 2022, the trial court terminated defendant's probation and executed the previously imposed three-year sentence for robbery. This timely appeal ensued.

## DISCUSSION

### I. Legal Background

When defendant was initially sentenced in 2020, section 1170 gave the trial court discretion to select a term if a statute provided three possible terms. (Former § 1170, subd. (b); *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.) Section 213 is such a statute, setting a sentencing triad of two, three, or five years for second degree robbery. (§ 213, subd. (a)(2).) In the exercise

---

[2] At the same hearing, the court conducted a preliminary examination on new charges stemming from the ammunition and drug possession and held defendant to answer.

of its discretion, the trial court imposed the middle term of three years after finding aggravating and mitigating factors were in balance.

While defendant was on probation, the Legislature amended section 1170, effective January 1, 2022, to limit the trial court's sentencing discretion in certain circumstances. (Stats. 2021, ch. 371, § 1.3 (Sen. Bill 567); Stats. 2021, ch. 695, § 5 (Assem. Bill 124); *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 (*Flores*).) As relevant here, section 1170 now provides that, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice [*sic*]," the court must impose the lower term if any of three enumerated circumstances was a factor in the commission of the offense. (§ 1170, subd. (b)(6).)[3] Two of those factors are that the defendant was a youth at the time of the offense and that the defendant has experienced psychological trauma. (§ 1170, subd. (b)(6)(A) & (B).)

Defendant was 20 years old when he committed the robbery, qualifying as a youth under the amendments to section 1170. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b) [youth means under age of 26 at time of offense].) And, he argues, there is evidence he has suffered trauma from a substance abuse disorder. As a result, he contends he was entitled to the benefit of the ameliorative amendments to section 1170 when the trial court executed his previously imposed sentence.

---

[3] An earlier version of Assembly Bill 124 said, "unless the court finds that the aggravating circumstances *so far* outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice," but the words "so far" were deleted in an August 26, 2021 amendment to the bill. (Sen. Amend. to Assem. Bill No. 124 (2021-2022 Reg. Sess.) Aug. 26, 2021, italics added.)

The Attorney General properly concedes that these ameliorative amendments apply retroactively to cases that were not yet final when they went into effect.  (*Flores*, *supra*, 73 Cal.App.5th at p. 1039; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1041–1042 (*Achane*); see *In re Estrada* (1965) 63 Cal.2d 740, 742–748 [when legislation reduces punishment for offense, we presume it applies to cases not yet final].)  And our high court has ruled that a case—like the one before us—in which "a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final for this purpose if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect."  (*People v. Esquivel* (2021) 11 Cal.5th 671, 673 (*Esquivel*).)

Based on these principles, defendant argues he was entitled to the new lower-term presumption, and he argues the trial court abused its discretion in failing to consider his youth and other relevant factors.  He asks us, therefore, to remand the matter so the trial court may resentence him in light of section 1170's new standards.  The Attorney General asks us not to consider this claim because defendant forfeited the argument by not raising it below, and he also contends it fails on the merits.

## II. Forfeiture

As a general matter, we do not consider claims of error that could have been, but were not, raised in the trial court.  (*People v. Saunders* (1993) 5 Cal.4th 580, 589–590.)  This rule applies to claims that a trial court did not properly make or articulate its discretionary sentencing choices.  (*People v. Scott* (1994) 9 Cal.4th 331, 353–355.)  The rule encompasses " 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any

5

reasons or give a sufficient number of valid reasons.' " (*People v. De Soto* (1997) 54 Cal.App.4th 1, 8.)  The rationale is that counsel is responsible for " 'understanding, advocating, and clarifying permissible sentencing choices at the hearing, [and] [r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.' " (*Ibid*.) Counsel is obligated not only to object generally to a sentence but to call specific objections to the trial court's attention to allow it to correct any sentencing errors.  (*Id*. at pp. 8–9.)

After the respondent's brief in this case was filed—and apparently too late for defendant to have its benefit before submitting his reply brief—our colleagues in Division Two of this appellate district decided *Achane*, a case with a similar posture to the one before us.  As pertinent here, the trial court in *Achane* imposed an upper term sentence on the defendant in 2020, then suspended execution and placed him on probation.  (*Achane*, *supra*, 92 Cal.App.5th at pp. 1039–1040.)  In July 2022, the trial court revoked probation and imposed the previously suspended aggravated term, as well as imposing additional terms for two additional offenses the defendant committed in the interim.  (*Id*. at pp. 1040–1041.)

On appeal, the defendant in *Achane* argued he fell within the scope of the amendments to section 1170.  Our colleagues concluded the defendant forfeited his claim by failing to raise it below.  At the time sentence was executed, the amendments had been effect for almost seven months, and *Esquivel* had already established that ameliorative amendments of this sort were to be applied retroactively when sentence had been imposed but not yet executed.  (*Achane*, *supra*, 92 Cal.App.5th at pp. 1042–1043, 1045–1047; *Esquivel*, *supra*, 11 Cal.5th at p. 673.)

Another recent case from this appellate district points in a different direction. In *People v. Fredrickson* (2023) 90 Cal.App.5th 984 (*Fredrickson*), our colleagues in Division Five considered a youthful defendant's claim that the trial court abused its discretion in failing to treat the lower term as the presumptive term when it imposed sentence after revoking probation. (*Id.* at p. 987; § 1170, subd. (b)(6)(B).) Although affirming the judgment on the merits, the court explained the appellant did not forfeit her claim by failing to raise it below because she challenged not " 'the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations.' " (*Fredrickson*, at p. 994, fn. 8, citing *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*).) That is the challenge defendant makes here.

The Attorney General points out correctly that the amendments to section 1170 had been in effect for more than nine months, when the trial court executed sentence without anyone addressing whether they applied to him. (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 [absent contrary evidence, trial court is presumed to know and follow the law].) But what distinguishes this case from *Ramirez* and *Achane* is that the record here affirmatively indicates the trial court did not understand the now more limited scope of its discretion, if youth or another relevant factor contributed to the commission of the offense. (§ 1170, subd. (b)(6).) When originally imposing the middle term on June 25, 2020, the trial court expressly found the aggravating and mitigating circumstances to balance, and there is no dispute defendant was well within the age treated as youthful for purposes of the statute. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).) The same judge presided over the September 29, 2022 hearing at which the sentence was executed. At that hearing, the court emphasized the importance of making

7

defendant face the penal consequences of failing to comply with his probation and address his drug addiction. But there was no discussion of what term would be appropriate, or of whether the court had changed its views in weighting aggravating and mitigating factors; rather, the court simply asked, "it was the three-year term?" and the probation officer replied that it was, to which the court responded, "[t]he middle term." The court then said it was imposing "[t]he previously suspended sentence," without further explanation. Bearing in mind defendant's youth and the court's earlier finding that the aggravating and mitigating factors balanced, on this record it appears the trial court was unaware of the changes to the scope of its discretion in sentencing a youthful offender. In these circumstances, we will not treat defendant's claim as forfeited. (See *Panozo*, *supra*, 59 Cal.App.5th at p. 840.)

### III.   The Merits

The Attorney General argues that defendant's challenge fails on the merits because he did not make the showing necessary to trigger the statutory amendment's presumption that the low term is proper; that is, he did not show his youth or trauma "was a *contributing factor* in the commission of the offense." (§ 1170, subd. (b)(6), italics added.)

As the court in *Fredrickson* explained, "The statute does not mandate a presumption in favor of the lower term in every case in which the defendant was under age 26 at the time the crime was committed. . . . [I]n order to trigger the presumption, there must be some initial showing that the defendant's youth was a contributing factor, and only then must the record affirmatively show compliance with the statute." (*Fredrickson*, *supra*, 90 Cal.App.5th at pp. 991–992.) That showing may be established "when the record and/or arguments are sufficient to put a trial court on notice that a defendant's youth may have been a contributing factor in commission of the

8

underlying offense." (*Id*. at p. 994.)  And "[n]otably, the initial showing need not be made by the defendant; the showing could be made by the prosecution or by facts or recommendations in a probation officer's report.  And the defendant need not specifically request application of the lower term presumption if the record shows youth contributed to commission of the underlying offense." (*Id*. at p. 994, fn. 8.)  The court in *Fredrickson* declined to remand for resentencing because the defendant conceded there was no indication in the record that her youth was a contributing factor in the offense.  (*Id*. at p. 994.)

On the facts of this case, by contrast, we conclude remand is appropriate.  At the initial sentencing hearing in 2020, defense counsel argued that defendant's actions were "very stupid.  But he is young.  And, hopefully, he does learn from this."  The probation officer then told the court, "We actually understand that Mr. Green is young.  He is making some poor decisions at a very young age."  Similarly, in its 2020 presentence report, the probation department recommended that defendant be placed on probation, explaining as it did so that despite the seriousness of the offense, "the Probation Department also recognizes that the defendant is very young, and as such there is substantial hope for him to get back on the correct path."

Moreover, this case is distinguishable from *Fredrickson* in that here the trial court had already imposed sentence and suspended *execution*, whereas in *Fredrickson* the trial court had previously suspended *imposition* of sentence.  (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 987.)  That is significant, because the California Rules of Court provide that "[i]f the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed . . . for the term prescribed in that judgment." (Cal. Rules of

9

Court, rule 4.435(b)(2).)[4]  If unaware that it should apply the new standards of section 1170, subdivision (b)(6), the court would have simply executed the previously-imposed three-year term without considering the sentence further—as the record indicates it did.

Another point is worth noting in this context.  Defendant's second claim of error is that the trial court neglected to require a supplemental probation report before revoking probation and executing sentence.  Before terminating probation, a court is required to review and consider a written report from the probation officer.  (§ 1203.2, subd. (b).)  And "if a significant period of time has passed since the original report was prepared," the probation officer must prepare a supplemental report, unless the parties stipulate to waive it either in writing or in open court and the court consents to the waiver.  (Rule 4.411(a)(2) & (b).)  The Advisory Committee comment to this rule suggests six months might constitute a substantial enough period to require a supplemental report, and the court in *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180–181, concluded that on the facts before it, the trial court erred in sentencing the defendant eight months after the initial report without the benefit of an updated report.

Here, more than two years had elapsed between the time of the initial report and the termination of probation, and the Attorney General does not dispute it was error to proceed in the absence of a supplemental report.  He urges only that the error was harmless, a contention we reject because in the intervening time there had been a significant change in the sentencing law.  If a supplemental report had been prepared, it would have been required to consider "[f]actors listed in section 1170(b)(6) and whether the current offense is connected to those factors."  (Rule 4.411.5(a)(6)(B).)  That discussion might

---

[4] All rule references are to the California Rules of Court.

10

well have provided additional useful insights and informed the trial court's consideration of whether defendant's youth or any other relevant factor contributed to the robbery. (§ 1170, subd. (b)(6); see *Flores, supra,* 73 Cal.App.5th at p. 1039 [defendant's youth alone sufficient to require remand where trial court did not have opportunity to consider section 1170, subd. (b)(6)(B) at original sentencing]; see also *Fredrickson, supra,* 90 Cal.App.5th at p. 992, fn. 5 [explaining *Flores*].) And in any event it would have reminded the court of its obligation to revisit the previously imposed but suspended sentence, in light of the amendments to section 1170 and *Esquivel, supra,* 11 Cal.5th at p. 673.

## IV.    Harmless Error

Finally, we are unpersuaded by the Attorney General's argument that any error in the trial court's failure to address amended section 1170 was harmless because the record shows the court would have imposed the same sentence in any event. Because " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' " where the court was "unaware of the scope of its discretionary powers" we must "remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion," had it been fully informed. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

We conclude that standard is not met here. The Attorney General points to the trial court's comment to defendant at the time it imposed and suspended his original three-year sentence that he would get no more chances to avoid prison if he violated his probation, as well as its statements at the 2022 hearing that members of the community needed to understand that when execution of sentence is suspended, "that means there are going to be serious consequences if you don't follow through." While these statements

11

show the trial court's intent to send defendant to prison after a probation violation, they do not show the court would not have imposed the lower term, rather than the midterm, if it had considered subdivision (b)(6) of amended section 1170.

The Attorney General also points to defendant's poor behavior on probation to argue that the factors in aggravation are strong. But the Attorney General has not established that events after the initial sentencing may be taken into account when setting a base term when probation is revoked. (See rule 4.435(b)(1) [when imposing sentence after termination of probation, court may not consider events that occurred subsequent to grant of probation in setting base term].)

In these circumstances, we shall remand the matter for the trial court to consider defendant's sentence under the correct legal standards. It shall do so only after considering a supplemental probation report, unless the parties expressly waive the report with the court's consent. Because we reach this result, we need not consider defendant's contention that he received ineffective assistance of counsel.

## DISPOSITION

The judgment is reversed. The matter is remanded for the trial court to hold a new sentencing hearing in a manner consistent with this opinion.


TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
PETROU, J.


*People v. Green* (A166461)

12