Filed 9/16/24  P. v. Boudolf CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LOUIS HENRY BOUDOLF,<br><br>        Defendant and Appellant. | C099773<br><br>(Super. Ct. No. MAN-CR-FE-2012-0002123)<br><br>MODIFICATION OF OPINION AND DENIAL OF PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

Appellant filed a petition for rehearing with this court.  It is hereby ordered that the petition for rehearing is denied.

It is also ordered that the opinion filed herein on August 23, 2024, be modified as follows:

1. On page 2, the first sentence of the paragraph that begins with "In 2012, a jury found defendant guilty of three counts of assault" is deleted and the following sentence is inserted in its place:

1

In 2012, a jury found defendant guilty of three counts of assault with force likely to produce great bodily injury, dissuading a witness by force or threat of force, two counts of first degree robbery, first degree burglary, and transportation or sale of a controlled substance.

2. On page 2, the second sentence that begins with "The trial court imposed an aggregate sentence of" is modified to read:

The trial court imposed an aggregate sentence of 34 years four months in state prison, comprising: The upper term of four years for the principal assault count, doubled to eight years due to a prior serious felony conviction, plus a three-year great bodily injury enhancement; a consecutive middle term of three years for dissuading a witness, doubled to six years; two consecutive terms of one year four months for each robbery, both of which were doubled to two years eight months; two consecutive terms of one year, doubled to two years, for each of the remaining assaults; a concurrent term of three years, doubled to six years, for the controlled substance offense; a concurrent term of four years, doubled to eight years, for the burglary; a five-year enhancement for the prior serious felony conviction; and two one-year enhancements for prior prison terms.

3. On page 4, the second paragraph that begins with "Accordingly, the trial court declined to dismiss defendant's prior serious felony conviction" is modified to now read:

Accordingly, the trial court declined to dismiss defendant's prior serious felony conviction, resentenced defendant to the upper term for the principal assault with force likely to produce great bodily injury count, and declined to strike the five-year enhancement for the prior serious felony conviction.

4. On page 6, following the first full paragraph the following paragraph is included:

> In his petition for rehearing, defendant notes that our opinion incorrectly identified the specific type of assault of which he was convicted. In making this correction, we have determined that the abstract of judgment requires correction. The Legislature moved the offense of assault with force likely to produce great bodily injury from section 245, subdivision (a)(1) to section 245, subdivision (a)(4), effective two days before defendant committed the assaults in this case. (Stats. 2011, ch. 183, § 1.) We will order the trial court to prepare an amended abstract.

5. On page 6, following the sentence in the last paragraph that reads "The judgment is affirmed" the following sentence is included:

> The trial court is directed to prepare an amended abstract of judgment showing that defendant's convictions on counts 1, 6, and 7, for assault with force likely to produce great bodily injury, were violations of section 245, subdivision (a)(4). The court should then forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

This modification does not change the judgment.

FOR THE COURT:


_____\s_____
Krause, J.


_____\s_____
Hull, Acting P.J.


_____\s_____
Feinberg, J.

3

Filed 8/23/24  P. v. Boudolf CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099773 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2012-0002123) |
| v. | |
| LOUIS HENRY BOUDOLF, | |
| Defendant and Appellant. | |

Defendant Louis Henry Boudolf appeals following his resentencing pursuant to Penal Code section 1172.75.[1]  His appellate counsel filed a brief raising no arguable issues and asked that we exercise our discretion to review the record for arguable issues on appeal under *People v. Wende* (1979) 25 Cal.3d 436.  Defendant's counsel notified

---

[1]      Undesignated section references are to the Penal Code.

1

him that he had 30 days in which to file a supplemental brief asserting arguments he wanted us to consider, and defendant filed such a brief raising numerous contentions.

Having considered defendant's supplemental brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232, we will affirm the judgment.

BACKGROUND

In 2012, a jury found defendant guilty of three counts of assault with a deadly weapon, dissuading a witness by force or threat of force, two counts of first degree robbery, first degree burglary, and transportation or sale of a controlled substance. The trial court imposed an aggregate sentence of 34 years four months in state prison, comprising: The upper term of four years for the principal assault with a deadly weapon count, doubled to eight years due to a prior serious felony conviction, plus a three-year great bodily injury enhancement; a consecutive middle term of three years for dissuading a witness, doubled to six years; two consecutive terms of one year four months for each robbery, both of which were doubled to two years eight months; two consecutive terms of one year, doubled to two years, for each of the remaining assaults; a concurrent term of three years, doubled to six years, for the controlled substance offense; a concurrent term of four years, doubled to eight years, for the burglary; a five-year enhancement for the prior serious felony conviction; and two one-year enhancements for prior prison terms.

On appeal, this court modified defendant's sentence by staying two of the two-year sentences for assault and directed the trial court to correct the abstract of judgment to indicate that it had only imposed two one-year prior prison term enhancements, not three. This reduced defendant's aggregate sentence to 29 years four months.

In 2022, the trial court determined defendant's sentence included a one-year prior prison term enhancement that the Legislature had repealed and so recalled defendant's sentence pursuant to section 1172.75 and scheduled a resentencing hearing. Defendant argued that, in addition to striking the two repealed enhancements, the trial court should also strike his prior serious felony conviction, the five-year enhancement based on the

prior serious felony conviction, and impose a term other than the upper term sentence for the principal offense. Pursuant to section 1172.75, subdivision (d)(3), defendant urged the trial court to consider his age, time served, diminished physical condition, and changed circumstances, which he contended reduced his risk of future violence. Defendant emphasized that he had suffered brain damage from an assault by another prisoner and now suffered from a seizure disorder.

Defendant also contended that mitigating factors under section 1385, subdivision (c), including the imposition of multiple enhancements; the application of an enhancement resulting in a sentence over 20 years; and the age of his prior conviction; weighed greatly in favor of striking his prior serious felony and the associated five-year enhancement. Defendant argued that striking these parts of his sentence would not "pose 'an unreasonable risk of danger to public safety,' as defined . . . by [section 1170.18, subdivision (c)]" because of his reduced risk of future violence.

The People opposed defendant's request to strike his prior serious felony conviction and the five-year enhancement, arguing defendant's extensive and violent criminal history meant that striking these parts of defendant's sentence would "endanger public safety," as defined in section 1385, subdivision (c)(2).

The trial court rejected defendant's arguments, finding that, even after defendant had been severely injured, he was disciplined for fighting in prison again, suggesting his injuries had not decreased his ability to commit violence. The court also considered the medical evidence defendant presented and found it did not establish that defendant would not be able to commit violent crimes if released. The court found that defendant was already 36 years old when he committed his most recent violent offenses, which meant his mature age had not reduced his risk of future violence. The court also noted defendant's record of committing violent crimes, including a manslaughter conviction, and that defendant had not been released from prison long before committing more violent crimes. Finally, the court rejected defendant's argument that the " 'unreasonable

3

risk of danger to public safety' " standard from section 1170.18, subdivision (c) applied instead of the " '[e]ndanger public safety' " standard in section 1385, subdivision (c)(2).

Accordingly, the trial court declined to dismiss defendant's prior serious felony conviction, resentenced defendant to the upper term for the principal assault with a deadly weapon count, and declined to strike the five-year enhancement for the prior serious felony conviction. The court struck the two one-year enhancements for prior prison terms, resulting in a two-year reduction to the aggregate sentence, which now totals 27 years four months.

Defendant timely appealed the resentencing order. Approximately six months after the sentencing, the trial court issued a minute order correcting its judgment by awarding defendant credit for time served on his sentence up to the date of resentencing.

DISCUSSION

Because defendant appeals from a postconviction ruling, the procedures set forth in *Wende* do not apply. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226; see also *id.* at p. 231 & fn. 5 [not deciding whether due process requires similar procedures in some appeals from postconviction rulings].) Nevertheless, our Supreme Court has directed that, when a defendant files a supplemental brief in a postconviction appeal where appointed counsel finds no arguable issues, we must "evaluate the specific arguments presented in that brief," but need not conduct an independent review of the entire record. (*Id.* at pp. 231-232.) We have followed that prescription.

Defendant's supplemental brief argues that the trial court imposed too harsh of a sentence under the circumstances. This argument fails under the standard of review. Though defendant does not mention or address the standard of review, we review the trial court's decision not to strike defendant's prior serious felony conviction or the five-year enhancement for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) This means we will affirm as long as the court exercised that discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of

4

the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) The court's " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at p. 377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

Defendant's contentions that his health is too poor to endanger the public and that his safety plan will be effective if he is released fail to establish an abuse of discretion. Reasonable people may disagree about the extent to which defendant is still capable and likely to commit violence, but the trial court's resolution of these factual issues was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) Accordingly, we will not second-guess the trial court.

Defendant also renews his trial counsel's argument that the only likelihood of committing " 'superstrikes' " should count as "endangering public safety," presumably referring to the standard in section 1170.18, subdivision (c) to define " 'unreasonable risk of danger to public safety.' " That standard does not apply to defendant's requests under section 1385. Rather, section 1385 explicitly explains that " '[e]ndanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) The trial court properly interpreted and followed the applicable statute.

5

Finally, defendant raises a number of arguments he did not raise in the trial court, such as factual disputes about the underlying offenses. Because defendant did not raise these issues at the resentencing hearing, he cannot raise them on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. De Soto* (1997) 54 Cal.App.4th 1, 8 ["[B]y failing to raise sufficiently specific objections at the time of sentencing, defendant has waived his right to claim any of these sentencing errors"].) In any event, defendant fails to point to any evidence in the record to support these arguments.

## DISPOSITION

The judgment is affirmed.

\s\ ,
Krause, J.

We concur:

\s\ ,
Hull, Acting P. J.

\s\ ,
Feinberg, J.

6